

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable A. C. Turner, Warden
Texas Prison System
Huntsville, Texas

Dear Sir:

Opinion No. 0-5392
Re: After a convict has been
convicted of lunacy in the
County Court of Walker Coun-
ty and by that court com-
mitted to a State hospital
for the insane, is the Warden
of the State penitentiary au-
thorized to deliver said con-
vict to the Sheriff of Walker
County for conveyance to such
hospital, upon the order of
said court?

You have requested the opinion of this department on the above stated question.

Article 3186a, Vernon's Revised Civil Statutes of 1925, provides for the trial and commitment of insane prisoners confined in the State penitentiary. By this statute the exclusive venue for the trial of insane convicts who are inmates of the Texas Prison System is conferred upon Walker County. Section 1 of said article is as follows:

"When any prisoner confined in the State
penitentiary becomes insane, he shall be treated
by the prison physician at Huntsville and shall be
observed by said physician and the Warden of the
Penitentiary; and when, in the judgment of said
physician or warden, such convict is insane and
should be transferred to one of the State Hospitals
for the treatment of the insane, then either said
prison physician or said warden shall go before the
County Judge of Walker County, Texas, and make af-
fidavit to said fact, and the County Judge shall
forthwith proceed to try said convict in the same
manner as other persons and under the same rules

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. C. Turner, page 2

of procedure as apply to the trial of citizens who become insane. Upon trial, if said convict is found to be insane, the county judge before whom he is tried shall issue his warrant for transfer of said convict to one of the State Hospitals for the treatment of the insane or other place provided hereafter by law, provided the provision of this law shall not apply to prisoners under sentence of death and confined within the State Penitentiary."

It will be noticed that, while the statute confers upon the county judge of Walker County authority to order the transfer of the convict found insane to one of the State Hospitals for the treatment of the insane, yet it does not specify whether the prisoner shall be conveyed to the State Hospital by an agent of the Prison System or by some other officer. If the county court has authority to order the conveyance to be made by the sheriff of Walker County, such authority must be found in the general power of the court growing out of its jurisdiction over the lunacy trial.

Section 15 of Article V of the Texas Constitution provides in part:

"The County Court shall . . . transact all business appertaining to deceased persons, minors, idiots, lunatics, persons non compos mentis and common drunkards . . .; and the County Court, or judge thereof, shall have power to issue writs of injunctions, mandamus and all writs necessary to the enforcement of the jurisdiction of said Court. . . ."

The applicable rule is thus stated in 11 Texas Jurisprudence, page 727, Section 19:

". . . It is an uncontroverted general principle that 'every regularly constituted court has inherent power to do all things that are reasonably necessary for the administration of justice within the scope of its jurisdiction and to prevent any abuse of its process.'

"This includes authority to carry into effect its own judgments, sentences and decrees and to prevent interference therewith."

Honorable A. C. Turner, page 3

It is therefore our opinion that it is within the discretion of the county court of Walker County, upon conviction of lunacy in that court, of a prisoner of the Texas Prison System, to order the insane prisoner to be delivered by the warden of the Texas Prison System to the sheriff of Walker County and by said sheriff conveyed to the State Hospital to which the prisoner is committed, and that upon receipt of such order the warden is authorized to so deliver the prisoner to the sheriff of Walker County.

We think it appropriate to point out that, in such case, the order of the county court of Walker County should specifically direct the warden of the Prison System to deliver the prisoner to the sheriff of Walker County for conveyance to the State Hospital.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

W. R. Allen
Assistant

APPROVED JUN 14, 1949

FIRST ASSISTANT
ATTORNEY GENERAL

WRA:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN